IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No.   4:17-cv-2197-JAR |
| KELLY MARIE SIMLER, et al., | ) ) | |
| Defendants. | ) | |

**AMENDED COMPLAINT FOR INTERPLEADER PURSUANT TO 28 U.S.C. §1335 AND FOR DECLARATORY RELIEF PURSUANT TO 28 U.S.C. §2201, OF INTERPLEADER PLAINTIFF, ACUITY, A MUTUAL INSURANCE COMPANY**

NOW COMES Interpleader Plaintiff, ACUITY, a mutual insurance company, by and through its counsel, Christopher P. Leritz and Leritz & Plunkert, P.C., and for its Amended Complaint for Interpleader pursuant to 28 U.S.C. §1335 and for Declaratory Relief pursuant to 28 U.S.C. §2201, by leave of Court, brings the following action against Kelly Marie Simler, Scott Simler, Dubuque Paint Equipment Services, Inc., Kim A. Ross, Linda Jean Gartner, Terrell Antoine Guy, L M General Insurance Company, State Farm Fire & Casualty Company, Progressive Casualty Insurance Company and The Hartford Insurance of the Midwest, and states as follows:

**THE PARTIES**

1.      Plaintiff, ACUITY, a mutual insurance company ("ACUITY"), is an insurance company domiciled in Wisconsin, with its principal place of business located at 2800 South Taylor Drive, Sheboygan, Wisconsin and is a Citizen of the State of Wisconsin.

1

2. Kelly Marie Simler, a natural person, is a citizen of the State of Missouri and resides at 402 Tulleries Court, Foristell, Missouri 63348.

3. Scott Simler, a natural person, is a citizen of the State of Missouri and resides at 402 Tulleries Court, Foristell, Missouri 63348.

4. Dubuque Paint Equipment, Inc. (Dubuque Paint) is an Iowa corporation located and operating under the laws of the State of Iowa.

5. Kim A. Ross, a natural person, is a citizen of the State of Illinois and resides at 1926 Beckwith Avenue, Madison, Illinois 62060.

6. Linda Jean Gartner, a natural person, is a citizen of the State of Missouri and resides at 4165 Lisieux Lane, St. Louis, Missouri 63129.

7. Terrell Antoine Guy, a natural person, is a citizen of the State of Missouri and resides at 1487 Fox Ridge Court, Arnold, Missouri 63010.

8. L M General Insurance Company is a corporation organized under the laws of the State of Illinois, with its principal place of business in the State of Massachusetts.

9. State Farm Fire & Casualty Company is a corporation organized under the laws of the State of Illinois, domiciled in Illinois and with its headquarters in Bloomington, Illinois.

10. Progressive Casualty Insurance Company is a corporation organized under the laws of the State of Ohio with its headquarters in Mayfield, Ohio.

**JURISDICTION AND VENUE AS TO STATUTORY INTERPLEADER**

11. The United States District Court for the Eastern District of Missouri, has subject matter jurisdiction over this matter pursuant to the Federal Interpleader Statute, 28 U.S.C. §1335.

12. Pursuant to 28 U.S.C. §1335 (a) and (a)(l), at least two of the adverse rival Claimants are of diverse Citizenship and the amount in controversy exceeds $500.00.

13. Pursuant to 28 U.S.C. §2361, this Court has Personal Jurisdiction over all of the Defendants pursuant to the Federal Interpleader Statute's provision for nationwide service of process.

14. Venue is proper in the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. §1391(b)(l) because at least one of the Defendants resides in the State of Missouri and pursuant to 28 U.S.C. §1391(b)(2) because the property that is the subject of the action (the insurance proceeds) is located in the State of Iowa, where the subject insurance policy was issued to an insured, Dubuque Paint. Moreover, venue is proper pursuant to 28 U.S.C. §1397 because Interpleader may be brought in the judicial district in which one or more of the rival adverse Claimants reside.

## JURISDICTION AND VENUE AS TO DECLARATORY RELIEF REQUESTED

15. This Court has Supplemental Jurisdiction over the Declaratory Relief Requested in Count II of this Complaint by virtue of this Court's Jurisdiction over ACUITY's Federal Interpleader Complaint. 28 U.S.C. §1367.

16. Specifically, this Court has Supplemental Jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction [of the District Court] that they form part of the same case or controversy." 28 U.S.C. §1367 (a). ACUITY's request for Declaratory Relief *(see* Count II *infra)* arises from the same case and controversy that gives rise for ACUITY's request for Federal Statutory Interpleader.

17. This Court has Jurisdiction over ACUITY's request for Declaratory Relief pursuant to 28 U.S.C. §2201 to declare the rights and other legal relations of any interested party seeking such declaration.

## FACTUAL BACKGROUND

18. ACUITY issued a Business Auto Policy of Insurance, Policy No. X88337, with effective dates of February 4, 2016 through February 4, 2017, and limits of liability of $1,000,000.00 "each accident," to its insured Dubuque Paint (the auto policy). *See* ACUITY's Business Auto Policy of Insurance attached hereto as Exhibit "A."

19. ACUITY also issued a Commercial Excess Liability Policy of Insurance, No. X88337 with effective dates of February 4, 2016 to February 4, 2017, and limits of liability of $1,000,000 "each occurrence," to its insured Dubuque Paint (the excess policy). See ACUITY's Commercial Excess Policy of Insurance attached hereto as Exhibit "B".

20. On September 6, 2016, Ross, a driver operating a motor vehicle while employed by Dubuque Paint, was involved in a vehicular accident on westbound Interstate 70 in Montgomery County, Missouri.

21. Also involved in the accident was Kelly Simler. Ms. Simler has asserted a claim to ACUITY's insurance proceeds by virtue of her injuries, the medical care she received, and any potential personal injury claim for damages she may have against Ross and Dubuque Paint. Ms. Simler's husband, Scott Simler, has asserted a claim as well. The Simlers have filed a lawsuit against Dubuque Paint and Ross arising out of the September 12, 2016 accident.

22. Also involved in the accident was Linda Jean Gartner. Ms. Gartner has asserted a claim to ACUITY's insurance proceeds by virtue of her injuries, the medical care she received, and any potential injury claim for damages she may have against Ross and Dubuque Paint.

Gartner has filed a lawsuit against Dubuque Paint and Ross arising out of the September 12, 2016 accident.

23. Also involved in the accident was Terrel Antoine Guy. Mr. Guy has asserted a claim to ACUITY's insurance proceeds by virtue of his injuries, the medical care he received, and any potential injury claim for damages he may have against Ross and Dubuque Paint.

24. L M General Insurance Company is the automobile insurer for Kelly Simler. L M General has subrogation claims to ACUITY's insurance proceeds by virtue of payments made for damage caused to Kelly Simler's automobile.

25. State Farm Fire & Casualty is the automobile insurer for Linda Jean Gartner. State Farm has subrogation claims to ACUITY's insurance proceeds by virtue of payments made for damage caused to Linda Jean Gartner's automobile.

26. Progressive Casualty Insurance Company is the automobile insurer for Terrell Antoine Guy. Progressive has subrogation claims to ACUITY's insurance proceeds by virtue of payments made for damage caused to Terrell Antoine Guy's automobile.

27. Hartford Insurance is the workers' compensation carrier for Kelly Simler. Hartford Insurance has subrogation claims to ACUITY's insurance proceeds by virtue of workers' benefits paid to Kelly Simler.

## COUNT I-INTERPLEADER

28. The Interpleader Plaintiff, ACUITY, hereby incorporates Paragraphs 1-27 of the above Paragraphs as Paragraph 28 as if fully stated herein.

29. The Interpleader Defendants, Kelly and Scott Simler, Dubuque Paint, Kim A. Ross, Linda Jean Gartner, Terrell Antoine Grey, L M General, State Farm, Progressive,

Hartford and perhaps others have rival claims to the proceeds of ACUITY's policies of insurance referenced above.

30. ACUITY has in its possession proceeds from the policies of insurance referenced above in excess of $500.00 and there are two or more adverse Claimants entitled to the policy proceeds.

31. Pursuant to 28 U.S.C. §1335, ACUITY seeks to deposit the $1,000,000.00 policy proceeds from the Commercial Auto Policy X88337, and $1,000,000 from the Commercial Excess Policy X88337, into the Registry of this Court, without prejudice to the rights of Dubuque Paint and Ross for defense against claims for liability for the accident at issue, and seeks this Court to administer the fund to ensure a fair and equitable division of the fund to the above-referenced adverse Claimants.

WHEREFORE, Plaintiff, ACUITY, A MUTUAL INSURANCE COMPANY, prays:

a. That each of the Claimants and potential Claimants be ordered and commanded to interplead their Claims to the sum of up to $2,000,000.00 available under ACUITY's policies;

b. That to the extent the policies are exhausted by the claims or the remaining claims are otherwise fully satisfied, Plaintiff shall be dismissed from the interpleader and shall be discharged from all indemnity obligations arising from the September 12, 2016, motor vehicle incident referenced above;

c. That the Court, pursuant to 28 U.S.C. § 2361, enjoin any of the Defendants from prosecuting any claims or suits against ACUITY affecting the insurance proceeds; and

d. That the Court grant such further or other relief as it deems just and proper under the circumstances.

## COUNT II - DECLARATORY JUDGMENT

32. Plaintiff ACUITY hereby incorporates Paragraphs 1-27 of the above Paragraphs as Paragraph 32 as if fully stated herein.

6

33. That pursuant to 28 U.S.C. § 201, ACUITY is entitled to a judicial determination concerning the scope and nature of its rights and obligations under the policies issued to its insured, Dubuque Paint, with respect to the Claims brought under the policies in connection with the accident.

34. The Commercial Auto Policy X88337 states that the limit of insurance is $1,000,000 per accident, regardless of the number of covered autos, insureds, premiums paid, claims made, persons injured or vehicles involved in the accident and Commercial Excess Policy X88337 states that the limit of liability is $1,000,000 per occurrence. Accordingly, ACUITY seeks a declaration that the coverage limit of liability for the two policies for the September 12, 2016, accident is a total of $2,000,000.00.

35. The above-referenced adverse rival Claimants and other potential Claimants have an interest in any declaration issued by this Court concerning ACUITY's limit of insurance.

36. In pertinent part, the auto policy states:

Item Two

**SCHEDULE OF COVERAGES AND COVERED AUTOS**

***

**<u>Liability</u>**
$1,000,000 each *accident*

### SECTION II - LIABILITY COVERAGE

**A. COVERAGE**

> We will pay all sums an insured legally must pay as damages because of bodily injury or property damage to which this insurance applies, caused by an accident and resulting from the ownership, maintenance or use of a covered auto.

***

> We have the right and duty to defend any insured against a suit asking for such damages…However we have no duty to defend any insured against a suit seeking damages for bodily injury…to which this insurance does not apply. We may investigate and settle any claims or suit as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.
>
> \*\*\*
>
> **C. LIMIT OF INSURANCE**
>
> Regardless of the number of covered autos, insureds, premiums paid, claims made or vehicles involved in the accident, the most we will pay for the total loss of all damages and covered pollution cost or expense combined, resulting from any one accident is the Limit of Insurance for Liability Coverage shown in the Declarations.
>
> All bodily injury, property damage and covered pollution cost or expense resulting from continuous or repeated exposure to substantially the same conditions will be considered as a resulting from one accident.

37. In pertinent part, the excess policy states:

**Limits of Insurance**
Each occurrence ….. $1,000,000

### SECTION I – COVERAGES

**1.** **Insuring Agreement**

    a.    We will pay those sums, in excess of the amount payable under the terms of any underlying insurance, that the insured becomes legally obligated to pay as damages because of injury or damage to which this insurance applies, provided

         that the underlying insurance also applies, or would apply but for the exhaustion of its applicable Limits of Insurance.

    c.    The amount we will pay for damages is limited as described in Section II – Limit of Insurance.

## SECTION II – LIMIT OF INSURANCE

1. The Limits of Insurance shown in the Declarations and the rules below define the most we will pay under the terms of this insurance regardless of the number of

   a. Insureds;

   b. Claims made or suits brought;

   c. Persons or organizations making claims or bringing suits.


38. ACUITY is entitled to a declaration that its liability coverage limit is $1,000,000 for Commercial Auto Policy X88337 and $1,000,000 for Commercial Excess Policy X88337, for a total of $2,000,000 for all claims arising out of the motor vehicle accident of September 12, 2016.

WHEREFORE, ACUITY prays that:

a. The Court declare that ACUITY's liability coverage under Commercial Auto Policy X88337 is $1,000,000 for all injuries and damages arising out of the automobile accident of September 12, 2016.

b. The Court declare that ACUITY's liability coverage under Commercial Excess Policy X88337 is $1,000,000 for all injuries and damages arising out of the automobile accident of September 12, 2016.

c. The Court grant such further or other relief as it deems just and proper under the circumstances.

Respectfully submitted,

/s/ Christopher P. Leritz
Christopher P. Leritz, #39864MO
LERITZ & PLUNKERT, P.C.
555 Washington Avenue, Suite 600
St. Louis, Missouri  63101
cleritz@leritzlaw.com
(314) 231-9600
(314) 231-9480 - Facsimile

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was electronically filed with the United States District Court this 29th day of December, 2017, with service upon all parties via operation of the court's electronic filing system.

/s/ Christopher P. Leritz