UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ACUITY, A MUTUAL INSURANCE COMPANY, | ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:17-CV-02197 JAR |
| KELLY MARIE SIMLER, et al., | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Acuity's Motion to Deposit Funds. (Doc. 34.) Plaintiff seeks to deposit a sum of $2 million, representing what it alleges is the maximum amount in dispute. (*Id*.; Doc. 67 at 2.)

**I.　BACKGROUND**

Plaintiff alleges the following: On September 6, 2016, Defendant Kim Ross, an employee of Defendant Dubuque Paint Equipment, Inc. ("Dubuque Paint"), was involved in a motor vehicle accident on Interstate 70 in Montgomery County, Missouri. (Doc. 40 at ¶ 20.) Also involved in the accident were Defendants Kelly and Scott Simler, Linda Gartner, and Terrel Guy. (*Id*. at ¶¶ 21-23.) At the time, Dubuque Paint was covered under insurance policies issued by Plaintiff, including a business auto policy and a commercial excess policy. (*Id*. at ¶¶ 18-19.) The Simlers, Gartner, and Guy all filed claims against the proceeds of those policies. (*Id*. at ¶¶ 21-23.) The Simlers and Gartner also filed suit against Ross and Dubuque Paint. (*Id*. at ¶¶ 21-22.)

1

In light of the Defendants' multiple competing claims and lawsuits, Plaintiff filed this action, advancing two counts: an interpleader count allowing it to deposit the proceeds of the policies and be discharged from further obligations; and a declaratory judgment count seeking a court order declaring that Plaintiff's liability is limited to $2 million ($1 million per accident, per policy). (*Id*. at ¶¶ 28-38.) Also named as defendants are LM General Insurance Company ("LM General"), which insured Kelly Simler at the time of the accident; State Farm Fire & Casualty Company ("State Farm"), which insured Gartner at the time of the accident; Progressive Casualty Insurance Company ("Progressive"), which insured Guy at the time of the accident; and Hartford Insurance ("Hartford"), which provided workers' compensation benefits to Kelly Simler following the accident. (*Id*. at ¶¶ 24-26.)

All of the defendants filed individual answers, except for Ross and Progressive. (Docs. 41, 50, 51, 54, 55, 56, 58, 59.) In their answers, the Simlers and Guy advanced counter-claims for declaratory judgement, seeking a court order declaring that Plaintiff's liability limit is $1 million per *person*, per policy. (Docs. 51, 10.)[1] Meanwhile, Gartner and State Farm assert in their answers that the liability limit is $1 million per *vehicle*, per policy, though neither advances a formal counter-claim. (Docs. 55, 56.) LM General, Hartford, and Dubuque Paint each deny Plaintiff's $1-million-per-accident liability limitation assertion, but offer no express alternative. (Docs. 41, 50, 54.)

Plaintiff filed the underlying Motion to Deposit Funds, seeking to place in the Court's registry $2 million. (Doc. 34.) Believing that the amount deposited by Plaintiff may cap the Court's jurisdiction over the interpleader action, the Court directed Defendants to file any objection to Plaintiff's Motion to Deposit Funds. (Doc. 57.) When no objection was filed, the

---

[1] The Court notes that Guy does not include the counter-claim in his answer to Plaintiff's amended complaint, (Doc. 59).

Court ordered Defendants to show cause why it should not enter an order granting Plaintiff's Motion to Deposit Funds and thereby accept that the Court's jurisdiction over the interpleader is limited to a total amount of $2 million. (Doc. 60.) The Simlers responded, objecting to the deposit "if that deposit requires a finding by the Court that $2,000,000 is in fact *equal to the largest claim* made against [Plaintiff] and its insureds." (Doc. 66.)

Also, Plaintiff and the Simlers have filed competing Motions for Summary Judgment on their declaratory judgment claim and against the other's. (Docs. 61, 62.) Dubuque Paint has joined the Simlers' motion. (Doc. 65.)

## II. ANALYSIS

The Federal Interpleader Act grants district courts jurisdiction over cases in which (1) two or more diverse and adverse claimants may claim to be entitled to the same money, property, or benefits of a policy and (2) the plaintiff has deposited such money or property or the amount due under such policy into the registry of the court. 28 U.S.C. § 1335(a). Courts have long held that jurisdiction is contingent on Plaintiff depositing the full amount in dispute. *Gaines v. Sunray Oil Co.*, 539 F.2d 1136, 1142 (8th Cir. 1976) ("A stakeholder may not compel a party to litigate his claim in interpleader unless he deposits with the court *an amount equal to the sum claimed by that party*." (emphasis added)); *see also*, *CNA Ins. Companies v. Waters*, 926 F.2d 247, 250 (3d Cir. 1991) ("[S]ince the amount of the stake is in dispute, [Plaintiff] should have paid into the court registry the highest amount for which it ultimately may be liable."); *Miller & Miller Auctioneers, Inc. v. G. W. Murphy Indus., Inc.*, 472 F.2d 893, 895 (10th Cir. 1973) ("[W]hen rival claims for a sum of money are involved, payment of the entire sum into the registry of the court or the giving of a bond meeting the requirements of the statute is a condition precedent to the jurisdiction of the court."); *Metal Transp. Corp. v. Pac. Venture S. S. Corp.*, 288

F.2d 363, 365 (2d Cir. 1961) ("[A] district court has no jurisdiction of an action of interpleader if the stakeholder deposits a sum smaller than that claimed by the claimants."); *Austin v. Texas-Ohio Gas Co.*, 218 F.2d 739, 745 (5th Cir. 1955) ("When claims for a sum of money only are involved, payment of the entire sum (or giving of a bond) is a condition precedent to the court's jurisdiction."); *A & E Television Networks, LLC v. Pivot Point Entm't, LLC*, 771 F. Supp. 2d 296, 300-01 (S.D.N.Y. 2011) (collecting cases).

For its part, Plaintiff asserts that it "is aware of no claim by any defendant that he or she is entitled to more than $2 million." (Doc. 67.) However, the Simlers, Gartner, and Guy expressly assert that, together, their claims total more than $2 million. (Doc. 61-3.) Therefore, the Court cannot find that Plaintiff's proposed $2 million deposit is sufficient without first determining the full amount in dispute. Moreover, the Court cannot establish the full amount in dispute without also ruling on Plaintiff's declaratory judgment count (and the attendant Motions for Summary Judgment filed by Plaintiff and the Simlers and joined by Dubuque Paint). The Court will therefore defer ruling on Plaintiff's Motion to Deposit pending resolution of the declaratory judgment count.

### III. CONCLUSION

Because it cannot establish the full amount in dispute, the Court will defer ruling on Plaintiff Acuity's Motion to Deposit Funds (Doc. 34), and direct the remaining defendants to advise the Court of their positions regarding the liability limits of the subject policies.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Ross, Gartner, Guy, LM General, State Farm, Progressive, and Hartford shall each file with the Court a memorandum stating its position on Plaintiff's declaratory judgment count **within 14 days of the entry of this order**.

Dated this 9th day of April, 2018.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**