**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:17-CV-02197 JAR |
| KELLY MARIE SIMLER, et al., | ) ) | |
| Defendant. | ) | |

<u>**MEMORANDUM AND ORDER**</u>

This matter is before the Court on Defendant Linda Jean Gartner's Motion to Dismiss Defendant Hartford Insurance Company of the Midwest ("Hartford"). (Doc. 91.) Gartner has also filed a Motion for Hearing on the matter. (Doc. 101.)

This case arises out of a September 2016 auto collision involving four vehicles and five people, including Defendant Kelly Marie Simler. (Doc. 40.) Following the collision, Simler was the beneficiary of workers' compensation payments made to her by her employer's workers' compensation carrier, Hartford. (*Id.* at ¶ 27; Doc. 88.) Plaintiff Acuity, A Mutual Insurance Company ("Acuity") interpleaded the proceeds of two $1 million insurance policies that covered the driver who allegedly caused the collision ("the Proceeds"). In so doing, Acuity named Hartford as a Defendant, citing a potential right of subrogation to Simler's recovery arising out of its workers' compensation coverage. (Doc. 40 at ¶ 27.)

On May 30, 2018, Hartford filed a memorandum notifying the Court and the other parties that it held a $906,582.06 lien on Simler's recovery, "payable from the proceeds . . . deposited

into the Court Registry by [Acuity.]" (Doc. 88.) Thereafter, Gartner filed this Motion, seeking to dismiss Hartford as an inappropriate party. (Doc. 91.) Hartford has responded. (Doc. 97.)

"Interpleader is an equitable action controlled by equitable principles." *Great Am. Ins. Co. v. Bank of Bellevue*, 366 F.2d 289, 293 (8th Cir. 1966) (citations omitted). Equitable actions are largely left to the sound discretion of the district court. *Hecht Co. v. Bowles*, 321 U.S. 321, 329 (1944) (quoting *Meredith v. City of Winter Haven*, 320 U.S. 228, 235 (1943)). This Court concludes that Hartford is not an appropriate party to this action.

The equitable remedy of interpleader requires a single "thing, debt or duty" subject to multiple, dependent, and adverse claims. *Underwriters at Lloyd's v. Nichols*, 363 F.2d 357, 360 (8th Cir. 1966). At issue here is the limited amount of Proceeds, subject to the adverse claims of the multiple individuals involved in the collision. Hartford has no claim to the Proceeds themselves; its lien is against only what Simler recovers. To that end, Hartford's interests are aligned with Simler's, and therefore Hartford's participation is not required. *See* Fed. R. Civ. P. 19(a)(1); *see also Kinney v. Schneider Nat. Carriers, Inc.*, 200 S.W.3d 607, 614 (Mo. Ct. App. 2006) (removing a party whose interests were adequately represented by existing parties).

Hartford argues that including lienholders as interpleader claimants "is common and serves the purpose of the federal interpleader statute." (Doc. 97 at 2.) In support, it cites *Farmers Ins. Co. Mission, Kan. v. Pers. Representative of Mitchell*, 755 F. Supp. 255 (W.D. Ark. 1989), and *S. & Assocs., P.C. v. Ford*, No. 4:07-CV-2021 (JCH), 2008 WL 2906857, at *2 (E.D. Mo. July 24, 2008). Like in this case, *Mitchell* involved statutory liens arising from medical treatment following a vehicle accident. 755 F. Supp. at 257. However, the opinion makes no mention of any *Mitchell* claimant opposing the inclusion of the lienholders. *See generally*, *id.*

The Court therefore finds *Mitchell* of little value other than confirming that a district court may, in its equitable discretion, allow a lienholder to participate.

*Ford* is similarly unhelpful. In that case, the interpleaded funds were $74,213 in surplus proceeds from a foreclosure sale. *Ford*, 2008 WL 2906857, at *1 (the property sold for more than the balance of the note). Rather than disbursing the surplus to the homeowner, the seller interpleaded the funds and named as claimants both the homeowner and the IRS, which held a $94,577 tax lien against the homeowner. *Id.* *Ford* differs from this case in two important aspects: the entirety of the surplus proceeds were due to the homeowner, and therefore the lienholder claim was to the whole of the interpleaded funds; and there was no risk that the IRS's involvement could diminish the amounts available to other claimants. Here, there is little doubt that Simler will not be awarded the entirety of the Proceeds and that Hartford's claim is to something less than the whole. Hartford's participation is therefore adverse to the other claimants in a way that was not present in *Ford*. Second, there was no other claimant in *Ford* who could adequately represent the IRS's interest in the disbursement of the surplus sale proceeds. Here, as noted above, Hartford's and Simler's interests are aligned.

In any event, the Court has already granted the interpleader count (*see* Doc. 82), and the only remaining action left in this case is the apportionment proceedings. Hartford states in its memorandum that it "seeks only to appropriately advise—in anticipation of later apportionment proceedings—of the existence and current status of its workers['] compensation lien," (Doc. 97 at 2-3), but the Court concludes that Hartford's lien should have no effect on the apportionment proceedings because it attaches only to the monies awarded to Simler, which will not be known until *after* the Court has apportioned the Proceeds. Accordingly, Hartford will have to take additional action after the apportionment to enforce its lien against Simler, either through direct

negotiation or in a separate action. The Court therefore concludes that allowing Hartford to participate in the apportionment process would not eliminate future litigation or otherwise improve judicial economy. To the contrary, Hartford's continued participation can only increase the complexity of this matter by adding an additional party involved in filings, hearings, and settlement discussions.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Linda Jean Gartner's Motion to Dismiss Defendant Hartford Insurance Company of the Midwest (Doc. 91), is **GRANTED**.

**IT IS FURTHER ORDERED** that Gartner's Motion for Hearing (Doc. 101), is **DENIED as moot**.

Dated this 18 day of July, 2018.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**